IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW CLIFF JOHNSON,

    Plaintiff,                     No. CIV S-08-0462 FCD GGH P

    vs.

STATE OF CALIFORNIA, et al.,

    Defendants.           <u>ORDER</u>

                               /

        Plaintiff, proceeding pro se, is housed at Solano County Jail. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $5.10 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

After filing his original complaint, plaintiff filed two subsequent amended complaints. Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course before a responsive pleading has been served. As the court had not screened either the original or amended complaint before plaintiff filed his second amended complaint, the undersigned will screen the second amended complaint.

Named as defendants are Kaiser Permanente Hospital Nurse Karri Garcia; Stutchman Forensic Laboratory; and California Superior Court Judge Peter Foor. Second Amended Complaint (SAC), docket # 36. Although plaintiff has identified only the preceding as defendants, he also claims that Allan P. Carter, and others, have engaged in a conspiracy against him. See SAC & attached declaration.

As to defendant Garcia, a nurse at Kaiser Hospital in Vallejo, plaintiff alleges that she pushed, pulled and prodded his penis "for some fabric [sic] mark." SAC, p. 3. While handcuffed, he was "spun around in the butt for further fabric marks." Id. Then plaintiff was "held to be photographed for fabrication marks on his penis." Id. Plaintiff appears to be alleging that his civil rights were violated by the defendant Garcia's actions and that he was thereby humiliated and subjected to the filing of hospital documents that contained fabricated evidence. Id.

Plaintiff goes on to allege that he is being subjected to a conspiracy resulting in federal civil rights violations throwing out names of individuals that he does not specifically identify as defendants, that appear to include the names of the district attorney and his own court-appointed counsel. SAC, p. 6. Plaintiff also confusingly includes a copy of a stipulation which he and a Solano County Deputy District Attorney apparently both signed, having to do with the manner of copying an original surveillance tape. SAC, pp. 9-10. An order pursuant to the stipulation directs the release of a Vallejo Police Department videotape to a defense investigator who is therein ordered to personally transport the tape to defendant (herein) Stutchman Forensic Laboratory in Napa, California, for the purpose of providing a useable copy for both defendant

(therein, who is apparently plaintiff in this case) and a duplicate for the district attorney. Id., at 10.  Without specifically naming him as a defendant or describing how he has done so, plaintiff goes on to alleged that Alan P. Carter (later identified as Judge Allan Patrick Carter) has engaged in a conspiracy to, inter alia, "forecast the jury through bribery to get African Americans to relinquish there [sic] position by claiming fraud hardships." SAC, p. 11, 12.  He further claims that Judge Carter has somehow wrongly with the knowledge of the district attorney's office used taxpayer funds to pay defendant Stutchman Forensic Laboratory "to craft the forged D.V.D. listed in federal evidence." Id., at 11.  Plaintiff claims defendants are "uncharged or indicted federal criminal defendants" who are attempting to gain some leverage in the instant "federal civil litigation." Id.

In a rambling letter directed to "Federal Magistrate," attached to the previous filing, plaintiff complains of copyright infringement by Judge Carter, and accuses a Deputy District Attorney Eric Charm, and apparently a Vincent R. Maher of vaguely referenced misconduct: "[u]nder a full compliance of the Judas principle of a universal emerld [sic] eye shameless solicitation of Lady Justice under a soiled misalliance." Id., at 12.  He meanders onto claims of being victimized in wholly undescribed fashion and of unidentified people of "attempting to slip a mental illness sleeping agent to me through key medical personal [sic]." Id., at 13.  He claims, almost as an afterthought, that he requested a motrin or aspirin because of a head injury an unnamed courtroom bailiff caused him, after which he the same unidentified bailiff attacked him "ruthlessly" while plaintiff was "in full restraints." Id.  Plaintiff claims to be of sound mind, but goes on to make ambiguous references to "a dark undertaking."

This complaint will be dismissed for several reasons.  In the first place, it is wholly violative of Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts.  Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  The complaint meets none of

these requirements. All that is required are sufficient allegations to put defendants fairly on notice of the claims against them. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990). Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.)

       Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and *on what theory*, with enough detail to guide discovery" (emphasis added)). A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry 84 F.3d at 1179.

       In the second place, it appears that plaintiff is seeking to have this court intervene in an ongoing state court criminal proceeding, which implicates the Younger abstention doctrine. Younger v. Harris, 401 U.S. 37, 46, 91 S. Ct. 746 (1971)(recognizing "the fundamental policy against federal interference with state criminal prosecutions....")

       In the third place, to the extent that plaintiff could make colorable claims against the various individuals, he has not done so with any coherence. For example, plaintiff names one judge as a defendant (Judge Foor), but makes allegations against one who he has not named (Judge Carter).

       Fourth, the Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v.

1  Ray, 386 U.S. 547 (1967).  A judge is "subject to liability only when he has acted in the 'clear
2  absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v.
3  Fisher, 13 Wall. 335, 351 (1872).  A judge's jurisdiction is quite broad.  The two-part test of
4  Stump v. Sparkman determines its scope:

> The relevant cases demonstrates that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361.

Plaintiff has not made any lucid claim against either judge he references.

Fifth, to the extent that plaintiff seeks to implicate a prosecuting attorney for violations of his civil rights, he has not done so here.  Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions.  Imbler v. Pachtman, 424 U.S. 409 (1976).  Determining whether a prosecutor's actions are immunized requires a functional analysis.  The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies.  Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc).  The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune.  Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.  See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

Finally, as to plaintiff's virtually incoherent claims of conspiracy, plaintiff must make some showing of an agreement or a meeting of the minds on the part of defendants to violate his constitutional rights.  Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989), citing Fonda v. Gray, 707 F.2d 435 (9th Cir. 1983).  Conspiracy allegations must be supported by material facts and not be merely conclusory statements.  Lockary v. Kayfetz, 587 F. Supp. 631 (N. D. Cal. 1984).

While for all of the above reasons, plaintiff's second amended complaint will be dismissed, he will be granted leave to file a third amended complaint within thirty days. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

<u>Multiple Filings</u>

In this case, plaintiff has made more than forty filings in this case, most of them frivolous which constitutes an abuse of process. Among them are motions directed to the Solano County Superior Court. To the extent he intended that these motions serve as putative motions for discovery, they are premature, as no defendant has yet been served in this matter. Furthermore, should this matter proceed in the future upon a further amended complaint, plaintiff is informed that court permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until

such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue. Thus, plaintiff's misdirected purported discovery motions will be disregarded. Plaintiff is cautioned not to make frivolous filings in the future; should he do so, the court may impose sanctions on that ground alone, including the terminating sanction of dismissal. See Fed. R. Civ. P. 41(b); L. R. 11-110.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $5.10. All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. The second amended complaint is dismissed for the reasons discussed above, with leave to file a third amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4. Plaintiff's inapposite and misdirected motions for discovery, both filed on 3/27/08, docket entries # 20 and #21, are disregarded, and the Clerk of the Court is to vacate them from the court's calendar.

DATED: 10/14/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
john0462.b